SUSAN W. REYNOLDS *vs.* NEW YORK LIFE INSURANCE CO.

JULY 14, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is an action in assumpsit to recover death benefits under a life insurance policy of the defendant company. The plaintiff is the named beneficiary in that policy. After the pleadings were closed and the case was at issue upon its merits, the parties filed what they call an "Agreed Statement of Facts". The case was then certified to this court for determination under general laws 1938, chapter 545, § 4.

The real issue in this case is one of statutory construction. The basic question involved is whether, notwithstanding default in the payment of a quarterly premium, the policy continued in force and effect as of the date of insured's death by reason of G. L. 1938, chap. 153, § 16, sometimes called the automatic premium loan statute. The determination of such question depends upon whether, as a matter of fact, the policy had a "cash value" at the time of default.

Section 16 of the above-cited statute, in so far as material for our purposes, provides as follows: "A policy of life insurance issued by a company doing business in this state shall provide for an automatic premium loan, whereby the premiums coming due after the termination of the *second* year during which the policy is in effect, if not paid, shall be charged against it as a loan * * * until such time as the accumulated loan together with any other indebtedness with interest thereon shall equal or exceed the *cash value* thereof, in which case the policy shall thereupon become null and void * * * . If at any time the equity in the policy is not sufficient to continue the insurance in force for a full year, then in that case it shall be kept in force for such whole number of days as the remaining equity will allow." (italics ours)

It appears from the agreed statement of facts, so called, that at the beginning of the third year the first quarterly premium, due December 28, 1940, was not paid by the insured. On March 5, 1941 the insured died. Among the agreed facts we find the following statement. "At no time had the insured borrowed of the defendant any money on

said policy of insurance. According to its terms said policy would have had a loan value of $49.00 after *three* full years premiums had been paid and before default in payment of premium. By virtue of this loan value said insured might have sought a loan at the end of the *second* year. And this agreed statement of facts *neither affirms nor denies* that a loan would actually be made in such a case." (italics ours)

General laws 1938, chap. 545, § 4, under which this action was certified to us, requires "an agreed statement of the facts in such action". General laws 1938, chap. 153, § 16, which is of controlling force in this case, is based upon the "cash value" of insured's equity in the policy at the end of the second year, such cash value, after proper allowance has been made for any other existing indebtedness, to be used as "an automatic premium loan" to the point of exhaustion. The parties agree that, according to the terms of the policy, there was a certain loan value after premiums had been paid for three full years. But they leave undetermined, as a matter of fact, whether the policy had a "cash value" at the end of two years, and what such value was, if it had one. Further, they admit that, because of the loan value under the policy at the end of the third year, the "insured might have sought a loan" from the company itself at the end of the second year, yet they expressly stipulate that their "statement of facts neither affirms nor denies" that the company would actually make a loan in such a case.

An action should not be certified to this court for determination on an agreed statement of facts unless there has been full compliance with the provisions of G. L. 1938, chap. 545, § 4. The statute clearly requires that all necessary and material facts must be agreed to by the parties before there can be a proper certification according to its terms. Our determination of a question of law, which comes to us by certification under said § 4, should not depend upon the surmise or conjecture of any material fact necessary for such determination. If the parties cannot agree on an unequivocal statement of the facts in the case, essential to a

determination, then certification of the action is not permitted by the statute. It is clear that in the instant case there is a fatal nonobservance of the statute.

For the reasons stated, we are of the opinion that it was error to certify this case under G. L. 1938, chap. 545, § 4.

The papers in the case, with our decision certified thereon, are ordered to be sent back to the superior court for further proceedings.

*Ormond B. Cook, Santi J. Paul,* for plaintiff.

*Haslam, Arnold & Sumpter, Harry A. Tuell,* for defendant.